UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER COZZI, ASHLEY COZZI, MICHAEL COZZI, AND MICHELLE COZZI, <br> Plaintiffs, <br> v. <br> UNITED OF OMAHA LIFE INSURANCE COMPANY, <br> Defendant. | No. 1:20-CV-04031 <br><br> Judge John Robert Blakey |

## MEMORANDUM OPINON AND ORDER

Plaintiffs Heather Cozzi, Ashley Cozzi, Michael Cozzi, and Michelle Cozzi sued Defendant United of Omaha Life Insurance for breach of contract and attorney fees under 215 Ill. Comp. Stat. 5/155 in the Circuit Court of Cook County, Illinois, seeking compensation under a life insurance policy issued by Defendant to their mother. [1-2]; [14-2]. Defendant subsequently removed this case to federal court, [1], filed its answer and affirmative defenses to the complaint, [11], and filed an amended notice of removal, [14]. Plaintiffs now move to strike Defendant's affirmative defenses. [15]. For the reasons explained below, this Court grants in part, and denies in part, Plaintiffs' motion to strike.

1

I.  **Background**

On May 5, 2017, Rebecca Cozzi signed an application for a life insurance policy (the "Application") and submitted it to Defendant. [14-2] at 56–61. The Application stipulated that coverage would become effective upon satisfaction of three conditions: (1) full payment of the initial premium; (2) proper notice to Defendant of any changes in applicant's health or habits between the issuance of the Application and delivery of the policy; and (3) delivery of the policy in accordance with its delivery requirements. *Id.* at 61. The Application required Ms. Cozzi to answer questions about her medical history and disclose any medical or therapeutic treatments received during the previous five years. *Id.* at 59–60.

One question on the Application required Ms. Cozzi to state whether she had consulted with a doctor, been hospitalized, or treated by a healthcare provider "for any other health condition." *Id.* at 60. Ms. Cozzi responded "No." *Id.* Ms. Cozzi further certified she would notify Defendant about changes to her stated responses, should any occur prior to delivery of the policy, and that no policy would go into effect if Defendant deemed her ineligible for one. *Id.* at 60–61.

Defendant alleges that on May 17 and 18, 2017, Ms. Cozzi visited a physician, Dr. Riskin of DMG Neurology, who informed her of abnormal results from a monoclonal protein test and Electromyography (EMG) and noted that she would require additional testing. [11] at 2. Defendant alleges that Ms. Cozzi failed to disclose this information, despite certifying that she would do so in the Application. *Id.* Defendant admits it knew Ms. Cozzi was undergoing physical and occupational

therapy before issuing a policy and that it charged her more for life insurance because she presented a greater risk. *Id.* ¶¶ 14, 16; [14-2] at 22.

On June 2, 2017, Defendant issued a $349,000 life insurance policy to Ms. Cozzi, which she accepted on that date. [14-2] at 2–3. In September 2017, Ms. Cozzi received a diagnosis of amyotrophic lateral sclerosis (ALS). [14-2] at 4–5; [1-4] at 1. Ms. Cozzi passed away from ALS on April 18, 2019. [14-2] at 4–5; [1-4] at 1. Defendant, citing Ms. Cozzi's failure to disclose her May 2017 medical appointments as grounds for rescission of the policy, refused to issue payment to Ms. Cozzi's beneficiaries. [11] ¶ 22.

Plaintiffs filed a claim against Defendant in the Circuit Court of Cook County, Illinois alleging breach of contract and seeking attorney fees. [1-2]. Defendant removed the case to this Court on July 9, 2020 pursuant to this Court's diversity jurisdiction. [1]. On August 6, 2020, Defendant filed its answer including affirmative defenses. [11]. Plaintiffs now move to strike all affirmative defenses. [15].

## II. Legal Standard

Rule 12(f) allows this Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). Courts generally disfavor motions to strike because they "potentially serve only to delay" proceedings. *NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.*, 85 F. Supp. 3d 988, 993 (N.D. Ill. 2015) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). The burden for a motion to strike is high; movants "must show that the allegations being challenged are so unrelated

to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *VitalGo, Inc. v. Kreg Therapeutics, Inc.*, 370 F. Supp. 3d 873, 880 (N.D. Ill. 2019) (quoting *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997)).

If the targeted material has at least some "possible relation to the controversy" and does not "cause the objecting party prejudice," the court should deny the motion to strike. *Siegel v. HSBC Holdings, plc*, 283 F. Supp. 3d 722, 730 (N.D. Ill. 2017) (quoting *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)). The first inquiry asks whether the language at issue is relevant. *Id.* And in the second inquiry, prejudice results "when the matter complained of has the effect of confusing the issues, or where it is so lengthy and complex that it places an undue burden on the responding party." *Id.* (quoting *Sun Life Assurance Co. of Can. v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 903 (N.D. Ill. 2013)).

But when a plaintiff moves to strike an affirmative defense, several other considerations apply. In addition to being properly pled as an affirmative defense, the defense must meet Rule 8 and Rule 9's pleading requirements and "must withstand a Rule 12(b)(6) challenge." *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 781 (N.D. Ill. 2019).

To survive a Rule 12(b)(6) challenge, a defense must include a "short and plain statement of the claim" showing the pleader merits relief, Fed. R. Civ. P. 8(a)(2), and giving the opposing party "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

4

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The defense must also contain "sufficient factual matter" to state a facially plausible claim to relief, allowing this Court to "draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Thus, "threadbare recitals of the elements of a cause of action" and mere conclusory statements "do not suffice." *Iqbal*, 556 U.S. at 678.

### III. Analysis

#### A. Introduction to the Answer

This Court begins with the Introduction to Defendant's Answer. In a single paragraph, Plaintiffs ask this Court to strike Introduction to the Answer in its entirety, arguing that it presents an immaterial, redundant, and inaccurate account of relevant facts and law. [15] at 3. Plaintiffs do not claim that the Introduction bears no relation to the case; accordingly, this Court asks whether Introduction prejudices Plaintiffs. *See Siegel*, 283 F. Supp. 3d at 730. Here, Plaintiffs neither identify any offending material, nor articulate how such material actually prejudices them. Absent further proffer, this Court finds no basis to strike the Introduction. Thus, this Court denies the motion to strike as to the Introduction.

#### B. Affirmative Defenses

Plaintiffs challenge five distinct affirmative defenses from the Defendant's answer: (1) failure to state a claim, [11] Affirmative Defenses ¶ 2; (2) misrepresentation, *id.* ¶¶ 3–8; (3) unclean hands, *id.* ¶ 9; (4) estoppel, *id.*; and (5)

5

that denial of coverage here was not vexatious or unreasonable under Illinois law, *id.* ¶¶ 10–13. This Court addresses each affirmative defense below.

### i. Failure to State a Claim

Defendant's first affirmative defense asserts that the complaint "fails to state a claim or cause of action upon which relief can be granted." *Id.* ¶ 2. Until such time as the Seventh Circuit confirms the viability of using an affirmative defense to argue a purported a failure to state a claim, this Court finds that Defendant's proper tool remains a motion to dismiss. *See Raquet*, 348 F. Supp. 3d at 785–86 (citing *Ill. Wholesale Cash Register, Inc. v. PCG Trading, LLC*, No. 08 C 363, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009)) (noting that a Rule 12(b)(6) motion is "the proper vehicle to establish a failure to state a claim defense"). Accordingly, this Court strikes Paragraph Two of Defendant's affirmative defenses with prejudice (but allows Defendant to present this theory via the proper rule at a later time).

### ii. Misrepresentation

In Paragraphs Three through Eight, Defendant appears to invoke an affirmative defense of misrepresentation, alleging Ms. Cozzi made a false statement in her Application, thus justifying Defendant's rescission of her policy. [11] Affirmative Defenses ¶¶ 3–8.

Plaintiffs do not argue that this defense is irrelevant or prejudicial. [15] at 2–3. Moreover, although Defendant did not clearly label this affirmative defense in its answer, given Plaintiffs' ability to properly identify the defense of misrepresentation, [15] at 2, Defendant has satisfied Rule 8.

This Court then asks whether the defense complies with Rule 9, which requires a party "alleging fraud or mistake" to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As a practical matter, this means Plaintiffs must plead the "who, what, when, where, and how" of the alleged fraud. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019).

Under Illinois law, an insurer may rescind a policy if the insured, or someone acting on his behalf, makes a misrepresentation while negotiating the policy. 215 Ill. Comp. Stat. 5/154. The statement "must be false" and it "must have been made with an actual intent to deceive or must 'materially affect the acceptance of the risk or hazard assumed by the insurer.'" *Ill. State Bar Ass'n Mut. Ins. Co. v. Law Office of Tuzzolino and Terpinas*, 27 N.E.3d 67, 71 (Ill. 2015) (quoting *Golden Rule Ins. Co. v. Schwartz*, 786 N.E.2d 1010, 1015 (Ill. 2003)). To the extent Defendant attempts to plead its misrepresentation defense under an "intent to deceive" theory (as opposed to the alternative material representation theory), the defense must satisfy Rule 9(b)'s requirement of particularity. Fed. R. Civ. P. 9(b); *see also Travelers Indem. Co. v. Bally Total Fitness Holding Corp.*, 448 F. Supp. 2d 976, 981 (N.D. Ill. 2006) (discussing applicability of Rule 9(b) to insurer Plaintiff's claim for rescission due to insured Defendant's alleged misrepresentation).

Here, Defendant does not specify whether it intends to pursue its misrepresentation defense under an "intent to deceive" theory or a material representation theory. Regardless, should it pursue the former, Defendant has satisfied Rule 9(b)'s heightened pleading standard. Defendant alleges that Ms. Cozzi

7

did not disclose results of specific medical tests or her referral to a neurologist to Defendant prior to delivery of the insurance policy, despite instructions to do so in the Application; that Ms. Cozzi knew the Application contained false information; and that Ms. Cozzi knew she had not disclosed this information prior to delivery. [11] Affirmative Defenses ¶¶ 3, 6; *see also id.* at Introduction. These allegations, in combination with Defendant's answer, sufficiently state the "who, what, when, where, and how" of the alleged intentional misrepresentation.

Lastly, this Court asks whether the defense survives a challenge under Rule 12(b)(6). It does, under either theory of misrepresentation. Defendant alleges that Ms. Cozzi made specific material misrepresentations to Defendant prior to delivery of the policy, that it relied on these misrepresentations in issuing the policy, and that it would not have issued the policy but for the misrepresentations. [11] Affirmative Defenses ¶¶ 3–8. These allegations suffice for a defense of misrepresentation under a material misrepresentation theory. *See, e.g., Phila. Indem. Ins. Co. v. Behavioral Health Alternatives, Inc.*, No. 17-CV-684, 2017 WL 6373472, at *4 (S.D. Ill. Dec. 13, 2017) (finding that insurer Plaintiff sufficiently pled cause of action for rescission where it alleged that insured Defendant "made specific material misrepresentations in its application for insurance that [Plaintiff] relied on in issuing the Policy with the terms it did"). And Ms. Cozzi's alleged intentional misrepresentation, discussed above, already meets the more demanding Rule 9(b) standard for pleading a defense of misrepresentation under an intent to deceive theory.

8

Accordingly, this Court denies the motion to strike as to Paragraphs Three through Eight of the affirmative defenses.

### iii. Unclean Hands and Estoppel

In a single sentence, and without pleading any other facts, Defendant states "Plaintiffs' claims are barred by the doctrines of unclean hands and estoppel." [11] Affirmative Defenses ¶ 9. But such threadbare affirmative defenses do not withstand a Rule 12(b)(6) challenge and, thus, do not survive a motion to strike. *See, e.g., Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1041 (N.D. Ill. 2014) (striking affirmative defenses where defendant failed to provide "any factual support" for the defenses and all but one consisted of single sentences).

Accordingly, this Court grants the motion to strike as to Paragraph Nine of Defendant's affirmative defenses and strikes this paragraph without prejudice and with leave to replead. If Defendant repleads, it should take note that unclean hands and estoppel are equitable defenses which "*must* be pled with the specific elements required to establish such defenses." *United States ex rel. A&C Constr. & Installation Co. WLL v. Zurich Am. Ins. Co.*, No. 17 C 4307, 2019 WL 195025, at *2 (N.D. Ill. Jan. 15, 2019) (emphasis added) (citing *Reis Robotics USA v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006)); *see U.S. Equal Emp't Opportunity Comm'n v. Dolgencorp, LLC*, No. 13-cv-04307, 2015 WL 2148394, at *5 (N.D. Ill. May 5, 2015) (citing *Reis*, 462 F. Supp. 2d at 907). Thus, any amended equitable affirmative defense must contain sufficient factual material to establish each element of the defense.

### iv. Vexatious & Unreasonable Behavior

In their complaint, Plaintiffs allege that Defendant's "refusal to pay the Policy's death benefit" to Plaintiffs "is vexatious and unreasonable" and in violation of "Section 155 of the Illinois Insurance Code (215 ILCS 5/155)." [14-2] ¶ 26. As an affirmative defense, Defendant asserts it did not act vexatiously and unreasonably under 215 Ill. Comp. Stat. 5/155 and other, unspecified Illinois law. [11] Affirmative Defenses ¶¶ 10–13; *see also* [18] at 5–6. But an affirmative defense that "merely denies the allegations in the complaint" is "inappropriately pleaded." *Vita Food Prods., Inc. v. Navigators Ins. Co.*, No. 16 C 08210, 2017 WL 2404981, at *11 (N.D. Ill. June 2, 2017); *see also Holzer v. Prudential Equity Group LLC*, 520 F. Supp. 2d 922, 929 (N.D. Ill. 2007) ("It is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint."). Moreover, in its answer Defendant denies it engaged in vexatious and unreasonable behavior, rendering this affirmative defense wholly redundant. [11] ¶ 26. For these reasons, this Court grants the motion to strike as to Paragraphs Ten through Thirteen of Defendant's affirmative defenses and strikes these paragraphs with prejudice.

### IV. Conclusion

This Court grants in part and denies in part Plaintiffs' motion to strike [15]. This Court grants the motion as to Paragraph Nine of the affirmative defenses (unclean hands and estoppel) and strikes this defense without prejudice. This Court also grants the motion to strike as to Paragraph Two (failure to state a claim) and

Paragraphs Ten through Thirteen of the affirmative defenses (nonvexatious and reasonable behavior), striking these defenses with prejudice. This Court denies the motion to strike as to the Introduction to Defendant's answer and Paragraphs Three through Eight of the affirmative defenses (misrepresentation). This Court gives Defendant leave to amend his unclean hands and estoppel affirmative defenses, provided it can do so consistent with its Rule 11 obligations. Any amended affirmative defense must be filed within 21 days of this order and must clearly state the legal basis for the defense and allege facts sufficient to substantiate the defense. All other dates and deadlines stand.

Dated: March 26, 2021

                                             Entered:

                                             _____
                                             John Robert Blakey
                                             United States District Judge